```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL SHAW,                       :    CIVIL ACTION
                                   :    No. 15-4128
          Plaintiff,               :
                                   :
     v.                            :
                                   :
CAROLYN W. COLVIN, ACTING          :
COMMISSIONER OF SOCIAL SECURITY,   :
                                   :
          Defendant.               :
```

## O R D E R

**AND NOW**, this **28th** day of **February, 2017**, after reviewing Plaintiff's complaint requesting review of the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff supplemental security income under Title XVI of the Social Security Act ("the Request for Review") (ECF No. 3), and the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (ECF No. 13), there being no objections, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides that the Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judge Heffley found that the ALJ's decision did not comply with the substantial-evidence standard because

   2. Plaintiff's Request for Review is **GRANTED** in part and **DENIED in part.**  The Request for Review is **GRANTED** to the extent that it seeks a reversal of the Commissioner's decision denying Plaintiff's claim for supplemental security income.  The Request for Review is **DENIED** to the extent it seeks a determination by this Court that Plaintiff is entitled to supplemental security income;

   3. The Commissioner's decision denying Plaintiff's claim for supplemental security income is **REVERSED**;

---

the ALJ failed to obtain and consider evidence regarding Plaintiff's prior disability determination. <u>See</u> Report and Recommendation at 5-9.  Judge Heffley recommended remanding the matter to the Commissioner for consideration of that evidence. <u>See</u> <u>id.</u> at 9.  The Court agrees with Judge Heffley's determination that the ALJ should have obtained and considered evidence supporting Plaintiff's prior disability determination. However, as the Supreme Court explained in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), a district court cannot merely remand a matter to the Commissioner for the consideration of additional evidence without resolving a claimant's request for review, entering judgment, and closing the case, unless (1) the Commissioner requests a remand before answering the complaint, or (2) "new, material evidence is adduced that was for good cause not presented before the agency."  <u>Id.</u> at 296-98 & n.2 (citing § 405(g) (sentence six)).  Here, Plaintiff does not attempt to establish the good cause standard.  Instead, Plaintiff argues that the ALJ's failure to obtain and consider evidence of his prior disability determination constituted a prejudicial evidentiary or administrative error warranting reversal.  <u>See</u> Pl.'s Br. at 2-3, ECF No. 9.  The Court agrees. Accordingly, the Court will not only remand this matter to the Commissioner of the Social Security Administration, but will also enter judgment and close the case, as required.

4.   This matter is **REMANDED** to the Commissioner of Social Security in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation; and

5.   The Clerk of Court shall remove this case from suspense and mark the case as **CLOSED.**

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,   J.**
